# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 26, 2010

Lyle W. Cayce
Clerk

No. 09-60623
Summary Calendar

---

WAEL MOHAMED ABDEL LATIF,

Petitioner,

versus

ERIC H. HOLDER, JR., U.S. Attorney General,

Respondent.

---

Petition for Review of an Order of
the Board of Immigration Appeals
No. A 078  524  720

---

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Wael Latif, a native and citizen of Egypt, petitions for review of a decision of the Board of Immigration Appeals ("BIA"), which affirmed a decision of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Immigration Judge ("IJ)" denying Latif's application for withholding of removal and relief under the Convention Against Torture ("CAT").  Latif argues that he demonstrated past persecution and a well-founded fear of future persecution as a result of his activities in the Muslim Brotherhood ("MB"), a government-banned political group.

Latif was detained once for a 12- to 14-hour period and was beaten during his detention.  During the three-month period between his detention and his departure from Egypt, he was not bothered again.  He has not associated with any MB members since his arrival in this country, and there is at least a small minority of parliamentary members in Egypt who sympathize with the MB.  Additionally, at the time of the hearing, Latif's mother still lived in Alexandria, his sister in Cairo.  The BIA's determination is supported by substantial evidence, and the record does not compel a contrary conclusion.  *See Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004); *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002); 8 C.F.R. § 208.16(b).

Latif also argues that he demonstrated that it is more likely than not that, on account of his past membership in the MB, he will be tortured upon his return to Egypt.  Because he has not shown that he is entitled to withholding of removal, he has not demonstrated that he can meet the higher standard for obtaining relief under the CAT.  *See Efe*, 293 F.3d at 907.  The petition for review is DENIED.